**DECOLA, Plaintiff-Appellee, v. HEMMING, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5857.  Decided October 7, 1958.

Mitchel D. Cohen, Columbus, for plaintiff-appellee.
Robert P. Barnhart, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court finding in favor of the plaintiff for the amount due upon an account stated.  The errors assigned all relate to the sufficiency of the evidence to sustain the material allegations of the petition.

The record reveals that the plaintiff-appellee, Joseph J. DeCola, performed certain accounting services for the business of the defendant-appellant's decedent, Wilda K. Hemming; that monthly statements were rendered for these services to which she never made any objections; that on the __ day of August, 1949, she entered into an agreement with one Sam J. Miller and Arthur G. Martin to operate her business, and in which contract she entered a list of her creditors which included that of the plaintiff for the amount sought in this action.  This operating agreement is in evidence and marked plaintiff's Exhibit "A."  It is urged that the plaintiff is not a party to this agreement and may not receive any benefits from the same.  However, it appears that a request was made of the plaintiff by defendant's decedent for a statement

of the balance due on the account, which was incorporated' in the contract, and the plaintiff was mailed a copy of the agreement for his examination as to its correctness, all of which was done with decedent's knowledge and consent.

The agreement bears the endorsement that a copy was sent to the plaintiff. Defendant's counsel urges that this was not done by the decedent or her attorney or agent; hence, she may not be bound to the plaintiff by its terms. However, we are of the opinion that the trial court was warranted in concluding that she made the person who forwarded plaintiff's Exhibit "A" to the decedent, her agent for conveying to the plaintiff an admission of the correctness of the account.

It is said in **1 O. Jur. 2d,** in **Section 37, page 194,** that

"A specific agreement to pay an amount admitted to be correct is not necessary, since this is inferred from an admission of its correctness."

See also **Miami Consolidated Tire Company v. Heier, etc., 52 Oh Ap 312.**

It is our conclusion that the evidence supports the judgment of the trial court and the same will be affirmed.

PETREE, PJ, BRYANT, J, concur.